UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61398-BLOOM/Valle

LUISA JIMENEZ,

    Plaintiff,

v.

FLORIDA SUPPLEMENT, LLC,
and DOUG BROWN,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Florida Supplement, LLC's ("Defendant") Motion to Dismiss, ECF No. [21] (the "Motion"), Counts I and II of Plaintiff Luisa Jimenez's ("Plaintiff") First Amended Complaint, ECF No. [14] ("Amended Complaint" or "Am. Compl."), as well as the collective action allegations applicable to Count III,[1] for failure to state a claim. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record, and applicable law, and is otherwise fully advised. For the reasons set forth below, the Defendant's Motion is **GRANTED**.

    **I.  Background**

Plaintiff initially filed this action in the Seventeenth Judicial Circuit in and for Broward County, Florida, seeking relief for Defendant's violations of the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). ECF No. [1-2]. Defendant timely removed the matter to this Court and Plaintiff

---

[1] Defendant filed an answer, ECF No. [20], with respect to Plaintiff's individual FLSA claim contemporaneously with the Motion.

thereafter filed the Amended Complaint asserting three counts. Plaintiff alleges that she was employed by the Defendant performing packaging duties from June 26, 2013 through September 1, 2015. Am. Compl. ¶¶ 5, 12. She further alleges that on January 23, 2014 and November 11, 2014, she suffered injuries at work to her left leg and knee, her back, and her right hip, rendering her disabled. *Id.* ¶¶ 20-21. She informed her employer of her injuries and sought benefits under Florida's worker compensation law. *Id.* ¶¶ 22-23. After notifying Defendant of her injuries and resulting limitations, she was terminated. *Id.* ¶ 24.

Counts I and II are claims under the FCRA for disability discrimination and retaliation. Count III asserts a claim under the FLSA for unpaid overtime wages on behalf of Plaintiff, and "other similarly situated packing employees." *Id.* ¶¶ 28-59. Defendant now moves to dismiss all but Plaintiff's individual FLSA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II. Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.

(quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."). Through this lens, the Court evaluates the instant Motion.

### III. Discussion

Defendant moves to dismiss Plaintiff's FCRA claims because the Amended Complaint provides little to no factual support with respect to the pleading elements of claims for discrimination and retaliation under the FCRA. Similarly, Defendant moves to dismiss the collective action allegations of Plaintiff's FLSA claim because she merely asserts that she is bringing the action on behalf of other similarly situated employees, without providing any factual basis to support such a claim.

In response, Plaintiff argues that in spite of the insufficiencies pointed out by Defendant, the allegations in the Amended Complaint are sufficient to state claims for disability discrimination and retaliation, as well as a collective action under the FLSA. *See* ECF No. [24] ("Response" or "Resp.").

### A. Counts I and II - Discrimination and Retaliation under the FCRA[2]

According to the FCRA, "[i]t is an unlawful employment practice for an employer . . .[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . handicap . . . ." Fla. Stat. § 760.10 (1)(a). In order to establish a *prima facie* case of disability discrimination, Plaintiff must show that she had a disability, that she was otherwise qualified to perform her job, and that she was discriminated against based on her disability. 42 U.S.C. § 12112(a); *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) (internal citations omitted); *Cash v. Smith* 231 F.3d 1301, 1305 (11th Cir. 2000). While Plaintiff need not state a *prima facie* case in her complaint, the allegations must at least fulfill the statutory elements of a discrimination claim. *See, e.g. Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (stating that before discovery in a discrimination case, the allegations in the complaint should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case) (internal quotations and citations omitted); *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, (11th Cir. 2011) (stating that

---

[2] Florida courts construe the FCRA in accordance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, therefore disability discrimination claims under the FCRA are analyzed under the framework of the ADA. *Wimberly v. Sec. Tech. Grp.*, 866 So. 2d 146, 147 (Fla. 4th DCA 2004). Florida courts have also held that decisions construing Title VII are applicable when considering claims under the FCRA. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

4

while the complaint need not contain specific facts establishing a *prima facie* case, it must still meet the *Twombly* and *Iqbal* plausibility standard to survive a motion to dismiss).

As an initial matter, Defendant concedes that Plaintiff's allegations in the Amended Complaint are sufficient to state that she is disabled. Motion at 4. Therefore, the Amended Complaint must contain allegations regarding her status as a "qualified individual," and that Defendant discriminated against her based upon her disability. To show that she is qualified, she must allege that she is "able to perform the essential function of the employment position [s]he holds . . . with or without reasonable accommodation . . . ." *Reed v. The Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). The Amended Complaint contains no allegations with respect to Plaintiff's qualifications to perform "packaging duties." Am. Compl. ¶ 5. Indeed, the Amended Complaint is silent with respect to Plaintiff's job title, or generally, what her job for Defendant entailed, and states in conclusory fashion that Defendant discriminatorily terminated Plaintiff because she was unable to stand or walk properly after her injuries. *Id.* ¶¶ 31-32.

Moreover, "an ADA plaintiff (1) as a part of her burden of production, must identify an accommodation that would allow her to perform her job duties and (2) as a part of her burden of proving her case, must establish that such an accommodation is reasonable." *Willis v. Conopco, Inc.*, 108 F.3d 282, 283 (11th Cir. 1997). "An employer's duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016) (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363-64 (11th Cir. 1999)). In her Response, Plaintiff attempts to characterize her workers' compensation claim based on her injuries as a request for a reasonable accommodation. Plaintiff argues that because she has pleaded that she had to file a Petition for Benefits—which only occurs if there is a benefit dispute—she has adequately alleged

5

that she requested a reasonable accommodation. *See* Fla. Stat. § 440.192 (detailing the procedure for resolving benefit disputes). However, Plaintiff provides no legal support for her proposition, and the Court is unpersuaded that one has anything to do with the other. Unlike in the cases cited by Plaintiff, the Amended Complaint is conspicuously silent regarding any accommodation requested by Plaintiff, beyond the conclusory statement that "Defendant failed to adequately accommodate Plaintiff after learning of her disability." Am. Compl. ¶ 34.

Furthermore, with respect to her termination, the Amended Complaints alleges only that Defendant terminated Plaintiff after she notified Defendant of her work-related injuries. *Id.* ¶ 24. Other than to allege that Plaintiff's termination occurred temporally after her injuries, the Amended Complaint is completely devoid of any additional facts to indicate that it was discriminatorily motivated. Therefore, Plaintiff fails to adequately state a claim for disability discrimination under the FCRA.

Plaintiff's retaliation claim suffers similar deficiencies. Under the FCRA, "[i]t is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." Fla. Stat. § 706.10(7). In order to prevail on a claim for retaliation, Plaintiff must show that "(1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two." *Frazier-White*, 818 F.3d at 1259 (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001)). The request for a reasonable accommodation satisfies the first element. *Id.* However, as previously noted, the Amended Complaint contains no allegations regarding Plaintiff's request for any accommodation

whatsoever, reasonable or otherwise. Moreover, Plaintiff fails to identify any other way in which the statute may apply in her circumstances. Defendant argues that even assuming that Plaintiff has sufficiently alleged that she engaged in some protected activity under the FCRA, she nevertheless fails to sufficiently allege a plausible causal connection between the activity and her termination because there appears to be a significant time gap between the two.[3] Motion at 7. Because Plaintiff's allegations are insufficient with respect to what statutorily protected expression she engaged in, the Court declines to engage in further analysis. Therefore, Plaintiff's retaliation claim fails as a matter of law.

### B. Count III – FLSA Collective Action

Defendant argues that Plaintiff's FLSA collective action allegations are insufficient because she fails to allege any facts with respect to her job—including job title and job duties—or the job duties of similarly situated employees. The FLSA provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). In order to maintain a collective action under the FLSA, Plaintiff must demonstrate that she and the other employees are similarly situated. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). As previously noted, Plaintiff's Amended Complaint does not allege any facts with respect to her job, other than that she performs "packaging duties." Am. Compl. ¶ 5. With respect to other similarly situated employees, Plaintiff alleges only that "there are other similarly situated current and former employees in the packaging department working, or previously working, for Defendant" and that these employees "in the packaging department performed

---

[3] Plaintiff's allegations indicate that after her first injury, she continued to be employed by Defendant for almost ten (10) months until she was injured again, and she was not terminated until almost ten (10) months after her second injury. Am. Compl. ¶¶ 12, 20.

similarly[sic] duties for Defendant and were subject to similar policies as to compensation." *Id.* ¶¶ 17-18. These allegations are conclusory and, therefore, insufficient to state a claim for a collective action under the FLSA. *See Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *4 (S.D. Fla. July 14, 2014) (dismissing collective action, where complaint contained no description of job duties of the alleged similarly situated employees or their pay provisions); *Sanchez v. Piripi VMP, LLC*, Case Number: 15-24166-CIV-MORENO, 2016 WL 950954, at *2 (S.D. Fla. Mar. 7, 2016) (dismissing class allegations where complaint merely sated that a group of employees were also not paid overtime); *St. Croix v. Genentech, Inc.*, No. 8:12-cv-891-T-33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012) (dismissing collective action claim where plaintiff provided only her job title and no description of job duties, or even job titles of allegedly similarly situated employees). Plaintiff's reliance on this Court's opinion in *Bray v. Artizan Flatbread, LLC*, Case No. 14-CIV-80582-BLOOM/Valle, 2014 WL 5431272, at *2-3 (S.D. Fla. Oct. 27, 2014), is misplaced, because as Defendant accurately points out, the complaint in *Bray* contained at least the plaintiff's job title, and additionally, a description of his job duties. *See* ECF No. [29-3]. As a result, Plaintiff's FLSA collective action allegations are insufficient.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [21]**, is **GRANTED**. Counts I and II of Plaintiff's Amended Complaint, ECF No. [14], are dismissed, with leave to amend. In addition, the collective active allegations applicable to Count III are also dismissed, with leave to amend.

2. Plaintiff may file a Second Amended Complaint **no later than September 20, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Luisa Jimenez
3240 N. 47th Avenue
Hollywood, FL 33021